INHABITANTS OF NEW LIMERICK *vs.* JOHN WATSON.

98   379
105   56
105   57

Aroostook.    Opinion December 26, 1903.

*Taxes.*    Place of Taxation.    Stock manufactured, but not employed in trade
where stored.    *"Store-house," and "Store."    R. S. (1883), c. 6, § 14.*

A finished manufactured product, which had been entirely completed in the
fall of one year, and as to which nothing further remained to be done,
except to be sold when the opportunity offered, and which is stored
because not sold, until the following April, is not employed in the mechanic
arts on the first day of that April, so as to come within the meaning of the
first paragraph of R. S. (1883), c. 6, § 14, for the purposes of taxation.

Where starch has been manufactured in a town other than that in which the
owner was an inhabitant, and was stored in the town where manufactured,
until after the first day of the following April, awaiting shipment by rail
out of that town as the same should be sold, no sales being made or
intended to be made in that town, and all of the sales and correspondence
in relation to sales being made in the town where the owner lived and con-
ducted his business, it is not employed in trade in the town where stored,
within the meaning of the section above referred to, for the purposes of
taxation.

*Held;* further, that the defendant did not occupy any store or shop in the
plaintiff town for the purpose of the employment of this starch in trade.
While a store-house may, under some circumstances, come within the
meaning of the word "store" as used in the statute, it does not in this
case, because the defendant's store-house was not occupied by him for the
purpose of employing this starch in trade in the plaintiff town.    The starch
was not in a store for trade but in a store-house for storage.

On report.    Judgment for defendant.

Debt to recover a tax assessed for the year 1900, against the
defendant, a resident of Houlton, upon one hundred tons of starch
manufactured and stored by him in New Limerick, Aroostook
County.

The defendant was a hardware merchant in Houlton where he
resided.    He also owned and operated in Aroostook County at the
time of the assessment of this tax five starch factories, two in Houlton,
one in Monticello, one in Smyrna and one in the plaintiff town.    Such
factories are operated two or three months in the fall, commencing

with the harvesting of the potato crop and closing when the small and unmarketable potatoes are ground up.   Such was the duration of the season at the New Limerick factory, the annual output of which was from seventy-five to one hundred tons per year.   At the end of the season the buildings were closed and were put to no further use, unless possibly for storage purposes until another crop had grown.   Frequently the entire output is shipped at once to market, but in this particular year it remained in the store-house until April first.

The only question at issue was whether the defendant was legally liable to be taxed in the town of New Limerick.

*Don A. H. Powers and Jas. Archibald*, for plaintiff.

The starch was intended for sale, and when sold was shipped direct from New Limerick to the purchaser.   It cannot be doubted but that sales of starch were made to be delivered at station in New Limerick.   This starch was "employed in trade" as contemplated by R. S. (1883), c. 6, § 14, cl. 1.   *Ellsworth* v. *Brown*, 53 Maine, 519; *Farmingdale* v. *Berlin Mills Co.*, 93 Maine, 333; *Gower* v. *Jonesboro*, 83 Maine, 145; *Martin* v. *Portland*, 81 Maine, 293.

It was taxable under two views, either as "employed in trade," or as "employed in the mechanic arts."   This product is produced by mechanical means—by machinery employed for that purpose.

It was certainly employed in trade as defined in *Farmingdale* v. *Berlin Mills Co.*, and *Ellsworth* v. *Brown*, and *Gower* v. *Jonesboro*, p. 145, supra.

As to occupying a store there, it appears that the starch was kept in a "store-house."   A store is, according to one of the definitions of Webster, a place where commodities are "stored."   We are aware that *Huckins* v. *Boston*, 4 Cush. 543, and *Hittinger* v. *Westford*, 135 Mass. 258, are cited as authority for the claim that "store-houses" are not "stores" such as are contemplated by the statute.   But in *Huckins* v. *Boston* this question does not arise, as the plaintiff in that case did not himself "hire or occupy" any store &c., as contemplated by statute.   It was the nature of the occupancy not the nature of the building that decided the case.   The same is true of *Martin* v. *Portland*, 81 Maine, 293.

Whether the defendant occupied a store in New Limerick or not he certainly occupied a mill where potatoes were ground up and made into starch, and this starch was intended for sale, and was a part of the New Limerick business, just as truly as the owner of a grist mill where wheat is converted into flour occupies a mill.

*A. W. and J. B. Madigan,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

WISWELL, C. J. The defendant, an inhabitant of the town of Houlton on the first day of April, 1900, was the owner of a quantity of starch, which, on that day, was stored within the limits of the plaintiff town. This starch was taxed to the defendant by the assessors of the town wherein it was stored, and this suit is brought to recover that tax. The only question involved in the case, which comes to the law court upon a report of the evidence, is whether or not this personal property was taxable in the plaintiff town under the facts of the case.

The general provision of law in regard to the taxation of personal property is, that it "shall be assessed to the owner in the town where he is an inhabitant on the first day of each April." To this general rule however, there are various exceptions, some of which are stated in the first paragraph of R. S. (1883), c. 6, § 14, as follows: "All personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town where so employed on the first day of each April; *provided,* that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing place or ship yard therein for the purpose of such employment." It is contended by the plaintiff that the personal property taxed came within these exceptions.

The facts, about which there is no dispute, are these: The defendant on April 1, 1900, and for some time prior thereto, including the preceding year, was the owner and in occupation of a starch factory in the plaintiff town, the plant consisting of a mill, two dry-houses and a store-house; in the early part of September, 1899, he com-

menced therein the manufacture of starch from potatoes, the process of manufacture lasted some seven weeks, and after it was completed and the starch dried, the finished product, about one hundred tons, was stored in the store-house to await shipment, not being sold it remained there until after the first day of April of the year in which the tax was assessed. The defendant was in business in the town of Houlton, having there, in addition to a store, an office where all of his books and accounts were kept and where all of the business in connection with the sales of starch manufactured at this factory, as well as at others which he operated, was transacted, here all of the sales of starch were made and all of the correspondence conducted in relation to such sales; none of this starch was intended to be sold in New Limerick, and none of it was in fact sold there, it was simply stored there, after its manufacture, to be shipped from the store-house as sales were made by the defendant in his office at Houlton, or by correspondence conducted there.

While the precise meaning of the phrase "employed in the mechanic arts" may be somewhat obscure, we think it is clear that a finished manufactured product, which had been entirely completed in the fall before, and as to which nothing further was to be done, except to be sold when the opportunity offered, and which is kept because unsold until the following April, cannot be said to be employed in the mechanic arts on the first day of April, within the meaning of that phrase of the statute.

Neither do we think that it can be said that this starch was employed in trade in New Limerick within the meaning of the statute. It was not there employed in trade. It was not exposed for sale; it was neither intended to be sold nor was it in fact sold to customers in that town; no contracts for sale ever had been or were to be made there; it was not in any store in New Limerick for the purpose of sale or trade there, but was simply stored in a store-house awaiting shipment after contracts for its sale were made elsewhere; although kept in that town, it was entirely employed in trade elsewhere.

The previous decisions of this court, wherein this statute has been considered and construed, and which are cited by the plaintiff are

not in point. In *Ellsworth* v. *Brown*, 53 Maine, 519, the question was, whether logs which were intended to be manufactured and sold in a town in which· the owner occupied a mill at which the logs were to be sawed, he being an inhabitant of another town, were taxable in the town where they were to be manufactured, although the logs had not arrived within the limits of that town on the first day of April of the year for which the tax was assessed. And in *Farmingdale* v. *Berlin Mills Co.*, 93 Maine, 333, precisely the same question was presented, although under a somewhat more favorable statute in that respect.

In *Gower* v. *Jonesboro*, 83 Maine, 142, the personal property taxed was firewood that the owner had caused to be hauled to a landing place occupied by him within the limits of the town in which the tax was assessed; this wood, as found by the court, was "to be sold or disposed of either in small quantities or by the whole lot, as might be found expedient," and was to be sold to local or other parties as might thereafterwards be found expedient, and was in fact so sold as opportunity was offered. The distinction between the facts of the case now being considered and those of the case last cited is apparent.

The case of *Huckins* v. *Boston*, 4 Cush. 543, and *Hittinger* v. *Westford*, 135 Mass. 258, in both of which questions arising under a very similar statute were considered, and in which the decision was against the right to tax the property in the towns where the property was stored, approach more closely the question involved in this case. These cases were cited by this court in the opinion in *Martin* v. *Portland*, 81 Maine, 293, where the same conclusion was reached.

Nor do the facts of this case bring it within the proviso of the statute which we have been considering. It is necessary, before personal property can be taxed in a town other than that in which the owner is an inhabitant, that he should occupy in that town, so far as this case is concerned, a mill for the employment of such property in the mechanic arts, or a store for the purpose of its employment in trade: True, the defendant occupied a starch factory or mill, but we have already seen that this starch was not employed in the mechanic arts on the first day of April, 1900. He did not occupy any store or

shop in the plaintiff town for the purpose of the employment of this starch in trade; while a store-house may, under some circumstances, come within the meaning of the word "store" as used in the statute, it does not in this case because this store-house was not occupied by him for the purpose of employing this starch in trade in that town. It was not in a store for trade but in a store-house for storage. See *Hittinger* v. *Westford,* supra.

*Judgment for defendant.*